

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**RANDY NANDLALL**
*Assistant Corporation Counsel*
Tel.: (212) 356-2356
Fax: (212) 356-3509
rnandlal@law.nyc.gov

May 7, 2025

**BY ECF**
Honorable Jennifer E. Willis
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Amaury Urena v. City of New York, et al.,</u>
               24 Civ. 1880 (JAV) (JW)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above captioned matter. Defendant City writes to (i) respectfully renew its March 25, 2025 and April 28, 2025 requests that the Court so order a briefing schedule with respect to its anticipated fully dispositive motion to dismiss and (ii) respectfully renew its April 28, 2025 request that the Court adjourn the initial conference scheduled for May 12, 2025, and the corresponding deadline to file a proposed case management plan, *sine die* while defendant City's anticipated fully dispositive motion to dismiss is pending. Plaintiff does not consent to either of these requests.

      By way of background, on March 12, 2024, plaintiff brought this action, pursuant to 42 U.S.C. § 1983, asserting various claims arising from his arrest on or about December 12, 2023. <u>See</u> ECF No. 1. On March 25, 2025, in lieu of answering the Complaint, defendant City filed a letter requesting that Your Honor endorse a briefing schedule for defendant City's anticipated fully dispositive notion to dismiss. <u>See</u> ECF No. 24. On March 27, 2025, the Court issued an Order scheduling an initial case management conference for May 12, 2025. <u>See</u> ECF No. 25. The Court did not rule on defendant City's request that the Court endorse a briefing schedule. On April 28, 2025, the City wrote to request that the Court, *inter alia*, adjourn the May 12, 2025 initial conference and to renew its request that the Court endorse the proposed briefing schedule. On May 5, 2025, the Court denied defendant City's request to adjourn the initial conference without prejudice and stated that "Defendant is to attempt in good faith to confer with Plaintiff before requests for adjournments or extensions." ECF No. 29. The Court does not appear to have

addressed defendant City's renewed request that the Court endorse a briefing schedule with respect to its anticipated fully dispositive motion to dismiss. On May 7, 2025, the parties conferred with respect to defendant City's renewed requests herein and plaintiff stated that he does not consent to either request.

As previously explained, defendant City intends to move to dismiss the Complaint in its entirety because, *inter alia*, plaintiff's claims are barred by a General Release he signed on or about November 1, 2024. Thus, defendant City respectfully renews its March 25, 2025 and April 28, 2025 requests that the Court endorse a briefing schedule with respect to defendant City's anticipated fully dispositive motion to dismiss. Defendant City respectfully proposed the following briefing schedule:

- Motion papers served and filed by May 16, 2025;
- Opposition papers served and filed by June 16, 2025; and
- Reply papers, if any, served and filed by June 30, 2025.

Because plaintiff's claims should be dismissed in its entirety due to his signing a General Release barring his claims in this action, defendant City respectfully submits that discovery should be stayed pending the resolution of defendant City's anticipated fully dispositive motion to dismiss and respectfully requests that the Court adjourn the May 12, 2025 initial conference, and corresponding deadline to file a proposed case management plan.

Defendant City further respectfully requests an adjournment of the May 12, 2025 initial conference because (i) defense counsel has a previously scheduled deposition in another matter scheduled for May 12, 2025, beginning at noon and (ii) upon information and belief, plaintiff may not be able to be produced for the conference due to difficulties utilizing Microsoft Teams and due to plaintiff's recent change of facility.

Accordingly, defendant City (i) respectfully renews its March 25, 2025 and April 28, 2025 requests that the Court so order a briefing schedule with respect to its anticipated fully dispositive motion to dismiss and (ii) respectfully renews its April 28, 2025 request that the Court adjourn the initial conference scheduled for May 12, 2025, and the corresponding deadline to file a proposed case management plan, *sine die* while defendant City's anticipated fully dispositive motion to dismiss is pending.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Randy Nandlall*

Randy Nandlall
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **BY FIRST CLASS MAIL**[1]
Amaury Urena
*Plaintiff pro se*
B&C: 2412302807
RMSC Enhanced Supervised Housing (RESH)
19-19 Hazen Street
East Elmhurst, NY 11370

---

The requests to adjourn the initial case management conference sine die and to set a briefing schedule for Defendant's motion to dismiss are **GRANTED.** Defendant's initial motion is due by May 16, 2025. Opposition brief is due by June 13, 2025. Reply papers, if any, are due by June 30, 2025. SO ORDERED.

*Jennifer E. Willis*
JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE
May 8, 2025

---

[1] The undersigned respectfully notes that during the phone call plaintiff indicated he was recently transferred to a new facility. A copy of this letter will be mailed to the correct address indicated above.