UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                          :
AMAURY URENA,                                             :
                                                          :
                                    Plaintiff,            :          24-CV-1880 (JAV)
                                                          :
                -v-                                       :          <u>OPINION AND ORDER</u>
                                                          :
CITY OF NEW YORK, et al.,                                 :
                                                          :
                                    Defendants.           :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

  Plaintiff Amaury Urena ("Plaintiff"), proceeding *pro se*, filed an Amended

Complaint alleging various violations of his federal constitutional rights under 42

U.S.C. § 1983 against the City of New York and Officers Jonathan Aponte

Rodriguez[1] ("Aponte"), Hiram Nieves ("Nieves"), Giovanis Tovarminaya

("Tovarminaya"), and Ibn Barthelemy ("Barthelemy") (collectively, "Defendants").

ECF No. 11 ("Am. Compl."), ¶¶ 1-5.  Defendants move to dismiss Plaintiff's action in

its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 32

("Mot.") at 1.[2]  For the reasons discussed below, Defendants' motion to dismiss is

**GRANTED**.

---

[1] Plaintiff misspelled "Rodriguez" as "Rodrigues."

[2] For citation purposes, the Court refers to the PDF number at the bottom of a page
for named ECF documents (e.g., Mot.), but to the ECF page number generated at
the top of a document for unnamed ECF documents (e.g., ECF No. 1).

# BACKGROUND

## A. Factual Allegations

### 1. The Incident

Plaintiff alleges that on December 12, 2023,[3] he was arrested in the Bronx, New York and taken to the 48th Police Precinct Station.  Am. Compl., ¶ 5. According to the Amended Complaint, while in the holding pen, Plaintiff was "pat searched" and a police officer made "multiple swiping motions in between [Plaintiff's] buttocks."  *Id.*  Plaintiff alleges that several police officers subsequently brought Plaintiff to the precinct bathroom, where Defendant Aponte strip searched Plaintiff by "pull[ing] [his] pants and underwear[] down" while Plaintiff was handcuffed.  Defendant Aponte allegedly "forcibly spread [Plaintiff's] buttocks and violately janked [sic] U.S. currency out of [Plaintiff's] rectum."  *Id.*  The Amended Complaint alleges that Defendants Nieves, Tovarminaya, and Barthelemy "stood guard and watched the incidents unfold."  *Id.*

### 2. The General Release and Stipulation of Settlement

In connection with the settlement of a separate action, *Urena v. Shaw*, No. 22-CV-4679 (RA) (GS) ("*Urena I*"), Plaintiff signed and executed a General Release on November 1, 2024.  ECF No. 44 ("Pl. Mem. of Law") at 2.  The General Release states:

---

[3] At the beginning of this paragraph, Plaintiff appears to have mistakenly written that the date of occurrence was "December 12[,] 2024," which is inconsistent with the rest of Plaintiff's filings and Defendants' filings stating that the incident occurred on December 12, 2023.

> **KNOW THAT I, AMAURY URENA**, . . . plaintiff in the action entitled *Amaury Urena v. Captain Terrance Shaw, et al.*, 22 Civ. 4769[4] (RA) (GS) as "RELEASOR," in consideration of the payment of TEN THOUSAND ($10,000.00) DOLLARS to me by the City of New York, do hereby release and discharge defendant Shaw; his successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, collectively the "RELEASES," from any and all liability claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorneys' fees. . . . **THIS RELEASE MAY NOT BE CHANGED ORALLY, THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

ECF No. 33-1 ("Gen. Release") at 2.  On November 1, 2024, Plaintiff also signed and executed a Stipulation of Settlement.  Pl. Mem. of Law at 2.  The Stipulation states:

> The City of New York hereby agrees to pay plaintiff Amaury Urena the sum of TEN THOUSAND ($10,000.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant and to release defendant Shaw; his successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

Stipulation of Settlement ("Stip."), ¶ 2, *Urena v. Shaw*, No. 22-CV-4679 (RA) (GS) (S.D.N.Y. Feb. 20, 2025), ECF No. 63.

## B. Procedural History

On March 12, 2024, Plaintiff initiated the instant action against the City of New York, the 48th Precinct of the New York City Police Department ("48th

---

[4] The ECF docket number cited in the General Release is incorrect.  The correct ECF docket number is 22-CV-4679.

Precinct"), and Officers Aponte, John Doe, Paul Poe, and Jane Doe.  ECF No. 1 at 1.

The Court dismissed Plaintiff's claims against the 48th Precinct, directed service on

Defendants City of New York and Officer Aponte, and directed the New York City

Law Department to identify the Doe Defendants so that they could be served.  ECF

No. 8.  On June 25, 2024, Plaintiff amended his complaint to name as defendants

the identified officers.  Am. Compl. at 1-3.

On May 16, 2025, Defendant City of New York filed a Rule 12(b)(6) motion to

dismiss Plaintiff's action in its entirety.  Mot. at 1.  Defendant City of New York

also filed a Memorandum of Law in support of that motion. *See generally* ECF No.

34 ("Def. Mem. of Law").  The motion to dismiss was later joined by Defendant

Aponte (ECF No. 38), Defendants Nieves and Barthelemy (ECF No. 41), and

Defendant Tovarminaya (ECF No. 50).

## LEGAL STANDARDS

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all

well-pleaded allegations and draws all reasonable inferences in favor of the non-

moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025).  The

court, however, does not consider "conclusory allegations or legal conclusions

couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir.

2021) (quotation marks omitted).  To survive a motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854

(2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Regardless, dismissal under Rule 12(b)(6) is appropriate if it is clear from matters of which the court may take judicial notice that the plaintiff's claims are barred as a matter of law. *Twine v. Four Unknown New York Police Officers*, No. 10-CV-6622 (DAB) (JLC), 2012 WL 6184014, at *6 (S.D.N.Y. Dec. 12, 2012).

In adjudicating a motion to dismiss, courts may "consider any documents attached to the complaint or incorporated in it by reference, and may take judicial notice of matters of public record, such as court filings." *Id.* at *7 (citing *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 156-57 (2d Cir. 2006)). Courts may take judicial notice of records of prior litigation, including the parties' settlement agreements and releases. *Johnson v. City of New York*, No. 23-CV-3018 (DEH), 2024 WL 3520445, at *1 (S.D.N.Y. July 23, 2024).

In the context of a *pro se* litigant, their submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Johnson*, 2024 WL 3520445, at *4 (citing *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020)). "'Nonetheless, a pro se complaint must state a plausible claim for relief.'" *Id.* (quoting *Meadows*, 963 F.3d at 243). Ultimately, "'the duty to

liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it.'" *Id.* (quoting *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009)).

## DISCUSSION

Plaintiff's claims in this action are barred by the General Release and Stipulation.  "General releases are 'a species of contract . . . governed by principles of contract law.'" *Johnson*, 2024 WL 3520445, at *5 (quoting *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 514 (2d Cir. 2001)).  Additionally, "'settlement agreements are contracts and must therefore be construed according to general principles of contract law.'" *Tromp v. City of New York*, 465 F. App'x 50, 51 (2d Cir. 2012) (quoting *Collins v. Harrison–Bode,* 303 F.3d 429, 433 (2d Cir. 2002)).  "'Where the language of a release is clear, effect must be given to the intent of the parties as indicated by the language employed.'" *Id.* (quoting *Wang v. Paterson,* No. 07-CV-2032 (LTS)(AJP), 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008)).

Here, the language employed by both the General Release and the Stipulation is clear.  Both documents plainly state that Plaintiff agrees to "release" or "discharge":

> all past and present . . . employees . . . of the City of New York or any entity represented by the Office of the Corporation Counsel, . . . from any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of [the] General Release [November 1, 2024].

Gen. Release at 2; Stip., ¶2.

The releases Plaintiff executed in *Urena I* unequivocally bar all civil rights actions, including any related state law claims, that Plaintiff might bring against the City of New York or its employees arising from events occurring prior to November 1, 2024. All of Plaintiff's claims in this case fall within the scope of this release. Plaintiff seeks to bring civil rights claims for violations of his Constitutional rights pursuant to section 1983 against the City of New York and officers of the New York Police Department for events occurring in December 2023.

Plaintiff makes two arguments in response. First, Plaintiff argues that the General Release and Stipulation are ambiguous. Pl. Mem. of Law at 4-5. But it is well-settled in the Second Circuit that this language is clear and unambiguous. *See, e.g.*, *Caraballo v. City of New York*, No. 24-CV-2051, 2025 WL 1430152, at *2 (2d Cir. May 19, 2025) (citing cases involving identical or near identical release language).

Plaintiff's reliance on *Smith v. New York* does not help his argument. In that case, the district court considered whether a general release and stipulation of settlement employing language similar to the above were ambiguous. *Smith v. New York*, No. 12-CV-4851(ERK) (LB), 2014 WL 6783194, at *7 (E.D.N.Y. Dec. 2, 2014). The court found that the release language was ambiguous because, *inter alia*, a limiting provision in the stipulation stated, "[t]his stipulation shall not be admissible in, nor is it related to, any other litigation." *Id.* The *Smith* court concluded that this language was inconsistent with the stipulation's and general release's language releasing all liability, claims, or rights of action alleging a

violation of Plaintiff's civil rights against the City of New York and its employees, which could plainly encompass other litigation.  *See id.*

Here, however, the limiting provision in Plaintiff's Stipulation is noticeably different.  It states, "[t]his stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, *except to enforce the terms of this agreement*."  Stip. at 4 (emphasis added).  Accordingly, the limiting provision in the *Urena I* Stipulation does not preclude it from being considered in this case, where it is introduced to enforce the terms of the release.  Another court in this District reached the same conclusion when it considered a stipulation of settlement involving language identical to that at issue here.  *See Rodriguez v. City of New York*, No. 18-CV-4805 (NRB), 2021 WL 5360120, at *6 (S.D.N.Y. Nov. 16, 2021).

Plaintiff argues in the alternative that the General Release and Stipulation are void because their terms are fraudulent and unconscionable.  Pl. Mem. of Law at 5-6.  Plaintiff contends that the terms are fraudulent because they do not specifically identify the other civil actions (such as this one) to which they might apply.  *Id.* at 5.  Plaintiff also contends that the terms are unconscionable because $10,000 is an insignificant amount considering the broad release granted and because Plaintiff signed and executed the documents *pro se* without sufficient judicial oversight.  *See id.* at 6.

Settlement agreements may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability.  *See, e.g., Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010).  Fraud requires demonstrating "(1) a

misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001). "A contract is unconscionable when it is 'so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable [sic] according to its literal terms.'" *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (citation omitted).

Even construed liberally and accepted as true, Plaintiff's allegations do not meet either of these standards. Besides making conclusory allegations involving the words "trickery" and "fraud," Plaintiff does not allege facts that could support any of the five elements required for fraud. *See* Pl. Mem. of Law at 5-6.

Plaintiff also fails to allege facts that meet the standard of unconscionability. While Plaintiff echoes the reasoning of *Smith* by alleging that the terms of the settlement were one-sided, that he proceeded *pro se*, and that there was a lack of judicial oversight, *Smith* was significantly different. *See id.* *Smith* involved a Plaintiff with chronic paranoid schizophrenia who had extremely limited reading comprehension skills and who had secured an attorney to represent him. *Smith*, 2014 WL 6783194, at *5-6. Yet Defendants' counsel obtained Plaintiff's General Release for $750 by sidestepping Plaintiff's attorney and contracting with Plaintiff directly. *Id.*, at *6. Here, Plaintiff has not made any allegations that he was incompetent to contract, and he obtained $10,000 for the general release of his

claims.  Since the General Release and Stipulation were clear and unambiguous, even if Plaintiff "might not have *actually* understood [those documents] to cover his pending federal claims[,] . . . New York law proscribes such considerations." *Caraballo*, 2025 WL 1430152, at *3 (citing *LeMay v. H.W. Keeney, Inc.*, 508 N.Y.S.2d 769, 770 (4th Dep't 1986)).

Finally, although district judges should liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile.  *Johnson*, 23-CV-3018 (DEH), 2024 WL 3520445, at *4. Amendment is futile when the issues with a claim are substantive rather than due to inadequate pleading and, in such a case, the opportunity to replead should be denied.  *Id.*  Since Plaintiff's claims are barred as a matter of law, amendment is futile.  Accordingly, leave to amend is denied.

## CONCLUSION

Accordingly, Defendants' motion to dismiss Plaintiff's Amended Complaint is **GRANTED**.  The Clerk of Court is directed to terminate ECF No. 32 and to close the case.

SO ORDERED.

Dated:  November 17, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge